Argued and submitted July 7, reversed and remanded September 24, 1986

# FLOWERS,
*Appellant,*

*v.*

# CAMPBELL et al,
*Respondents.*

(84-226-L; CA A37284)

725 P2d 1295

Robert L. Chapman, Medford, argued the cause and filed the brief for appellant.

H. Scott Plouse, Medford, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff brought this assault and battery action to recover damages for injuries allegedly sustained in a skirmish with defendant Campbell (defendant), who was, at the time, an employe of defendant Montgomery Ward & Company. Plaintiff alleges that defendant used excessive force to repel his own aggressive behavior, for which plaintiff was convicted of assault in the fourth degree and harassment. The trial court dismissed the action after ruling, on defendant's motion for a directed verdict, that all material issues of fact were decided against plaintiff at his criminal trial and that he was precluded from relitigating those issues. We reverse.

The violence erupted after plaintiff accused defendant of charging him $12.99 for a lock that had been advertised for $9.97.[1] Plaintiff admits that he became involved in a verbal exchange with defendant immediately before the fight and that he "threw the first punch." He also concedes both that the jury at his criminal trial necessarily found that his use of force was not justified and that he is collaterally estopped from relitigating that issue. *See Roshak v. Leathers,* 277 Or 207, 560 P2d 275 (1977). He contends, however, that the dispositive issue in this civil action is whether defendant responded to his own admitted aggression with excessive force. He contends that that issue was not litigated at his criminal trial.

Under the doctrine of collateral estoppel, a party to an action may be prevented from relitigating issues that were actually decided and necessary to the judgment in a previous action. *State Farm v. Century Home,* 275 Or 97, 550 P2d 1185 (1976); *Bahler v. Fletcher,* 257 Or 1, 474 P2d 329 (1970). Plaintiff was convicted in the criminal action of assault[2] and harassment.[3] The victim's use of more force than was justified

---

[1] Plaintiff was 62 years old at fight time; defendant was 33. Plaintiff allegedly sustained a broken arm and a detached retina. Defendant's jaw was broken.

[2] ORS 163.160(1)(a) provides that a person commits assault in the fourth degree if the person "[i]ntentionally, knowingly or recklessly causes physical injury to another."

[3] ORS 166.065 provides:

"(1) A person commits the crime of harassment if, with the intent to harass, annoy or alarm another person, the actor:

"(a) Subjects another to offensive physical contact;

"(b) Publicly insults another by abusive or obscene words or gestures in a manner intended and likely to provoke a violent response * * *."

to repel the attacker's criminal acts is not a defense to either of those crimes. It follows that defendant's response to plaintiff's actions could not have been an issue that was necessarily decided in plaintiff's criminal trial. Accordingly, because an aggressor may recover in an action for battery if he proves that the defendant used more force than was justified in repelling the aggression, *Linkhart v. Savely,* 190 Or 484, 497, 227 P2d 187 (1951), the trial court erred in holding that plaintiff was precluded from litigating all issues "essential" to his recovery by reason of the judgment entered in his criminal trial.

Reversed and remanded.